IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVEN W. QUICK | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv463 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Plaintiff Steven Wayne Quick, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. As plaintiff did not pay the required filing fee, he appears to be attempting to proceed with this lawsuit on an *in forma pauperis* basis.[1]

Discussion

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints on an *in forma pauperis* basis. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] ... if the prisoner has, on three or more occasions ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] This case was directly assigned to the undersigned magistrate judge pursuant to this district's General Order 14-10. Plaintiff has provided voluntary written consent to have the assigned magistrate judge conduct all further proceedings in this case, including entry of final judgment, in accordance with 28 U.S.C. § 636. The defendants in this action have not been served with process and, as a result, have not appeared. As a result, their consent is not needed for the undersigned to make a final determination in this matter. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

Prior to the date on which he filed this lawsuit, at least five lawsuits filed by plaintiff were dismissed as frivolous.[2] As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least five prior lawsuits dismissed as frivolous. In his complaint, plaintiff alleges his outgoing mail has been obstructed, he was coerced into signing a document as a condition of receiving a blood transfusion, and he was retaliated against. He also states his prison unit is overcrowded and there is insufficient staff. While his allegations are serious, they do not demonstrate he was in "imminent danger of serious physical injury" on the date he filed this lawsuit. Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed pursuant to 28 U.S.C. § 1915(g). An appropriate final judgment shall be entered.

**SIGNED** this   30   day of      September      , 2014.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

---

[2] *Quick v. Asst. Dist. Atty.*, No. 3:05cv1620 (N.D. Tex. Dec. 16, 2005); *Quick v. Rosenberry*, 3:05cv2188 (N.D. Tex. Mar. 15, 2006); *Quick v. Neel*, No. 3:05cv2187 (N.D. Tex. Mar. 27, 2006); *Quick v. Thomas*, 3:05cv1622 (N.D. Tex. Mar. 29, 2006); *Quick v. Edwards*, No. 3:05cv1151 (N.D. Tex. June 26, 2006).